United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-10803-mdc |
| Pierrette V. Pearson | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 07, 2023 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 09, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Pierrette V. Pearson, 4981 Parkside Avenue North, Philadelphia, PA 19131-2529 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jun 09, 2023 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 7, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRIAN CRAIG NICHOLAS | on behalf of Creditor LSF9 Master Participation Trust bnicholas@kmllawgroup.com bkgroup@kmllawgroup.com |
| DAVID A. SCHOLL | on behalf of Debtor Pierrette V. Pearson judgescholl@gmail.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com philaecf@gmail.com |
| PAMELA ELCHERT THURMOND | on behalf of Water Revenue Bureau c/o City of Philadelphia Law Department Tax & Revenue Unit Bankruptcy Group MSB 1401 John F Kennedy Blvd 5th Floor Philadelphia PA 19102 pamela.thurmond@phila.gov, edelyne.jean-baptiste@phila.gov |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2     User: admin     Page 2 of 2
Date Rcvd: Jun 07, 2023     Form ID: pdf900     Total Noticed: 1
TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|    Pierette V. Pearson, | : | |
|                     Debtor. | : | Bankruptcy No. 22-10803-MDC |

# **O R D E R**

**AND NOW**, pursuant to the Application for Compensation (the "Application")[1] filed by David A. Scholl (the "Applicant"), counsel to Pierette V. Pearson (the "Debtor"), the Applicant requests the allowance of compensation in the amount of $8,292.00.

**AND**, the Applicant was previously paid $1,000.00 by the Debtor (the "Pre-Paid Amount").

**AND**, after accounting for the Pre-Paid Amount the Application seeks the payment of $7,292.00 for the balance of fees sought (the "Remaining Balance").

**AND**, this Court entered an Order dated February 7, 2023 (the "Confirmation Order")[2] confirming the Debtor's Second Amended Chapter 13 Plan dated December 26, 2022 (the "Plan").[3]

**AND**, the Plan provides that the Applicant will be paid $5,000.00 as an administrative expense, which when added to the Pre-Paid Amount will result in a total payment to the Applicant in the amount of $6,000.00. Plan, §3(a).

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-

---

[1] Bankr. Docket No. 71.
[2] Bankr. Docket No. 69.
[3] Bankr. Docket No. 61.

65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Consistent with the Confirmation Order, compensation is allowed in favor of the Applicant in the total amount of $6,000.00 (the "Allowed Compensation"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing). The balance of the fees sought, in the amount of $2,292.00, are disallowed as inconsistent with the terms of the Plan.

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: June 6, 2023

MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE