UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

In re:

PIERRETTE V. PEARSON                           Case No.: 22-10803-djb
*aka* PIERRETTE V. NIX-PEARSON,                 Chapter: 13

     Debtor.                                       /
_____

## SECURED CREDITOR'S MOTION TO COMPEL DEBTOR
## TO MODIFY THE PLAN OR, IN THE ALTERNATIVE, TO DISMISS CASE

LSF9 Master Participation Trust as serviced by Fay Servicing, LLC ("Secured Creditor"), by and through undersigned counsel, files its Motion to Compel Debtor to Modify the Plan or, in the alternative, to Dismiss Case (the "Motion to Compel") and in support states:

1.      Secured Creditor holds Claim No. 9-2 ("Amended Claim") with a secured mortgage lien against the real property located at 5042 Gainor Rd, Philadelphia, PA 19131 (the "Property").

2.      On October 19, 2022, Secured Creditor filed its Amended Claim 9-2, evidencing a total secured claim in the amount of $148,201.30 and indicating that the Debtor is responsible for ongoing taxes and insurance.

3.      On December 26, 2022, Debtor filed her Amended Plan (Doc. #61) which does not provide payments towards this loan. Rather, it simply indicates that the Debtor would pursue a loan modification and, in the process, would make adequate protection payments.

4.      The Amended Plan was confirmed on February 7, 2023.

5.      The confirmed plan further stated that if a loan modification was not approved by June 30, 2023, the Debtor would amend the plan to provide to the allowed claim or, alternatively, would seek dismissal of case. *See* Section 4(f)(3) of Debtor's Amended Plan (Doc. #61).

6.  A loan modification was never agreed to by the mortgage lender nor was any loan modification approved by this Honorable Court by the June 30, 2023 deadline date set forth in the confirmed Chapter 13 plan.

7.  To date, the Debtor has failed to modify the Chapter 13 plan to conform to Secured Creditor's claim nor has she moved to dismiss her Chapter 13 case as explicitly stated in her confirmed Chapter 13 plan. *See* Section 4(f)(3) of Debtor's Amended Plan (Doc. #61).

8.  Debtor is bound to the terms of her confirmed plan pursuant to section 1327(a) of the Bankruptcy Code. *See In re Stuart,* 402 B.R. 111, 126 (Bankr. E.D. Pa. 2009) (construing a confirmed Chapter 13 plan as a court-sanctioned contract that binds the debtor and creditors to the terms of the plan). *Accord In re The Aspen St. Corp.,* 405 B.R. 767, 775-76 (Bankr. E.D. Pa. 2009) (applying contract principles in construing terms of a confirmed Chapter 13 plan).

9.  Alternatively, this Honorable Court should dismiss this Chapter 13 case under the terms of the confirmed plan, namely, section 4(f)(3) of Debtor's Amended Plan (Doc. #61) or because of a "material default" under section 11 U.S.C. § 1307(c)(6) by virtue of failing to modify or dismissing the case after the June 30, 2023 date to obtain approval of a loan modification.

10.  Section 1307(c)(6) of the Bankruptcy Code provides for conversion or dismissal of a Chapter 13 case "for cause," that includes a "material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(6). *See, e.g., In re Jamilah Perry*, No. 06-14777-DWS, Mem. Op. at 17 (Jan. 18, 2008) (Sigmund, C.J.) (dismissal proper under 11 U.S.C. § 1307(c)(6) when debtor fails to make lump sum payment under confirmed plan).

11.  This judicial district's standard Chapter 13 plan expressly treats failure to obtain a loan modification in section 4(f) by a date certain as an event that requires the debtor to file an amended plan to properly treat the mortgage lender's claim or to move for dismissal. Where, as here, the debtor has done neither, she is in "material default" under 11 U.S.C. § 1307(c)(6).

WHEREFORE, Secured Creditor requests an Order compelling Debtor to modify the plan to conform to the Total Debt Claim or, in the alternative, for the case to be dismissed as provided under the terms of the confirmed plan and/or as a "material default" under the confirmed plan as set forth in 11 U.S.C. § 1307(c)(6), and for such other and further relief as the Court deems just and proper.

Dated: 01/07/2026                          McCalla Raymer Leibert Pierce, LLP

                        By:        /s/Mark   Cronin
                                   _____
                                   Mark   Cronin
                                   Pennsylvania Bar No. 58240
                                   Attorney for Creditor
                                   325 Chestnut Street, Suite 725
                                   Philadelphia, PA 19106
                                   Phone: 215-402-6989
                                   Fax:
                                   Email: mark.cronin@mccalla.com

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served on 01/07/2026 as follows:

<u>By First Class U.S. Mail to</u>:
Pierrette V. Pearson
4981 Parkside Avenue North
Philadelphia, PA 19131

<u>By Electronic Notice to</u>:
DAVID A. SCHOLL, Esq.
Law Office of David A. Scholl
512 Hoffman Street
Philadelphia, PA 19148

Trustee
Kenneth E. West
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West, Suite 701
Philadelphia, PA 19106

U.S. Trustee
Office of the United States Trustee

By: */s/Mark   Cronin* _____
      Mark   Cronin