United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                    Case No. 22-10803-djb

Pierrette V. Pearson                                                                      Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2                          User: admin                                  Page 1 of 2

Date Rcvd: Jul 02, 2026                       Form ID: pdf900                              Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2026:**

**Recip ID**        **Recipient Name and Address**

db         + Pierrette V. Pearson, 4981 Parkside Avenue North, Philadelphia, PA 19131-2529

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 04, 2026                          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 2, 2026 at the address(es) listed below:

**Name**        **Email Address**

DAVID A. SCHOLL
    on behalf of Debtor Pierrette V. Pearson judgescholl@gmail.com

KENNETH E. WEST
    on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com

KENNETH E. WEST
    ecfemails@ph13trustee.com  philaecf@gmail.com

MARK A. CRONIN
    on behalf of Creditor LSF9 Master Participation Trust philalaw@aol.com  mccallaecf@ecf.courtdrive.com

MATTHEW K. FISSEL
    on behalf of Creditor LSF9 Master Participation Trust bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com

PAMELA ELCHERT THURMOND
    on behalf of Water Revenue Bureau c/o City of Philadelphia Law Department Tax & Revenue Unit Bankruptcy Group MSB 1401 John F Kennedy Blvd 5th Floor Philadelphia  PA 19102 pamela.thurmond@phila.gov

District/off: 0313-2                      User: admin                              Page 2 of 2
Date Rcvd: Jul 02, 2026                   Form ID: pdf900                          Total Noticed: 1

United States Trustee

        USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 7

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | **Chapter 13** |
|    Pierrette V. Pearson, | : | |
| | : | **Case No.  22-10803 (DJB)** |
|       Debtor. | : | |
| _____ | : | |

## ORDER

**AND NOW,** upon consideration of the Secured Creditor's Motion To Compel Debtor To Modify The Plan Or, In The Alternative, To Dismiss Case (the "Motion") [Dkt. No. 81] filed by LSF9 Master Participation Trust (the "Lender"), and after a hearing held thereon on June 18, 2026 (the "Hearing") [Dkt. No. 90], and for the reasons stated herein*, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** in part, in that, unless the parties are able to reach an alternative agreement, before March 30, 2027, the Debtor shall either (i) file and confirm an amended plan "to otherwise provide for the allowed claim of the Mortgage Lender," or (ii) voluntarily dismiss her case.

2. The Lender's request for dismissal of the case under § 1307(c)(6) of the Bankruptcy Code is **DENIED**.

Dated: July 2, 2026

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

**\* E N D N O T E**

The Motion was filed on January 7, 2026.  Although no formal response was filed, the Court held preliminary hearings where the Debtor was present and substantially engaged on the Motion on March 26, 2026 [Dkt. No. 87] and April 30, 2026. [Dkt. No. 88].

The Court held a hearing on the Motion on June 18, 2026 [Dkt. No. 90] at which time the Lender and the Debtor presented evidence and made arguments.  The evidence consisted of the testimony (including cross examination) of the Debtor, the Second Amended Plan (the "Plan") [Dkt. No. 61], the Confirmation Order [Dkt. No. 69], and the information reflected on the Claims Registry and on the Docket of which the Court may take judicial notice.  See Fed. R. Evid. 201 (as incorporated by Fed. R. Bankr. P. 9017); In re Laynas, 345 B.R. 505, 508 n.1 (Bankr. E.D. Pa. 2006) (noting that bankruptcy courts regularly take judicial notice of their own dockets, bankruptcy schedules, and related filings "for the purpose of ascertaining the timing and status of events in the case and facts not reasonably in dispute.").

The matter is now ripe for disposition.

The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 as incorporated by Fed. R. Bankr. P. 9014.

The Court has jurisdiction pursuant 28 U.S.C. § 1334 and the Standing Order of Reference of the Eastern District of Pennsylvania as the matter arises in and/or is related to a case under the Bankruptcy Code.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The matter presented by the Motion is a core matter pursuant to 28 U.S.C.  § 157(b). To the extent that the matter is deemed non-core and/or the Court is without constitutional authority to render a final decision on the Motion, the following shall constitute the Court's report and recommendation in accordance with 28 U.S.C. § 157(c).

Based on the record before the Court, proper service of the Motion was accomplished and evidenced by the Certificate of Service.  [Dkt. No. 81, p.4].  Such service is appropriate under the circumstances and complies with Fed. R. Bankr. P. 2002, 9013, and all local rules.

Pursuant to the Motion, the Lender seeks to enforce the Plan as against the Debtor which required a modification of the Plan or dismissal of the case in the event that the Debtor had not secured a loan modification prior to June 30, 2023.  As supplemental relief, the Lender seeks dismissal of the Debtor's case for a material default under the Plan.

In response, the Debtor argues she is in compliance with the Plan because, among other things, she executed and returned a loan modification package and is simply awaiting a "response."  Additionally, she has been and remains current on her post-petition mortgage payments and plan payments.

On the Motion, the Lender bears the burden of proof for the relief requested by a preponderance of the evidence.

- 2 -

**FACTS**

Based on the record before the Court, the Court finds that the Debtor commenced the within bankruptcy case on March 30, 2022.  In the case, the Lender filed an initial proof of claim on June 7, 2022, seeking a total claim of $152,967.52 (with arrears of $95,214.58).  [Claims Register 9-1].  The Debtor objected to the Lender's initial claim.  [Dkt. No. 35].  Thereafter, the Lender filed an Amended Claim on October 19, 2022, asserting a total claim of $148,201.30 (with arrears of $148,201.30).  [Claims Register 9-2].  The Amended Claim purports to be based on a Final Judgment in Foreclosure entered in the Pennsylvania Court of Common Pleas (Phila. Cty.).  The Debtor withdrew her objection to the Lender's claim on the record at a hearing held on November 7, 2022.  [Dkt. No. 51].

On December 26, 2022, the Debtor proposed her Plan contemplating treatment of various creditors—including the Lender—and contemplating 60 months of payments.  [Dkt. No. 61].  After a confirmation hearing held on February 7, 2023 [Dkt. No. 68] the Court entered an order confirming the Plan on February 7, 2023.  [Dkt. No. 69].

The Plan provides, *inter alia*, that the Debtor shall pursue a loan modification directly with the Lender to bring the loan current and resolve the arrears on the secured claim.  The Plan further states that the loan modification may include negotiating the overall balance due since the Debtor believes the balance to be no greater than $100,000.00.  [Dkt. No. 61, §§ 4(f)(1) & (2)].  The Plan provides that the Debtor shall make $800.00 monthly adequate protection payments to the Lender during the loan modification application process and that, if a modification is not approved by June 30, 2023, the Debtor will file an amended plan to provide for the allowed claim of the Lender or otherwise dismiss the case.  [Id.]

A review of the docket makes clear that the Debtor has not filed any further amended plan and no motion to approve a loan modification has been submitted.

The Debtor testified that she received, completed, and returned a loan modification packet to the Lender but that the Lender has not responded to the submissions provided.  The Debtor testified that she submitted the loan modification paperwork to the Lender on or around July 21, 2023.  The Debtor testified—and the Lender's counsel confirmed—that numerous inquiries have been made over the last several months about the status of the loan modification package and that the Lender has not confirmed that a loan modification has been approved.

The Debtor credibly testified—and the Lender conceded—that the Debtor has made all of the adequate protection payments required under the Plan from the confirmation date to and through the date of the Hearing.  The Debtor further testified (without any contrary evidence) that she made all of the payments to the Chapter 13 Trustee required under her Plan.

**DISCUSSION**

Based on the foregoing findings, the Court concludes that the terms of the Plan are binding on both the Lender and the Debtor.  Section 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the

claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). This singular statement makes clear that the confirmed plan constitutes a binding contract between the parties requiring both (i) the debtor to perform under the terms of the plan and (ii) the creditor to accept the treatment provided in the plan and, upon full satisfaction of the plan's obligations relative to that creditor, to honor the debtor's discharge upon completion. See generally In re Shenango Group, Inc., 501 F.4d 338, 344-45 (3d Cir. 2007); see also In re Stuart, 402 B.R. 111, 126-27 (Bankr. E.D. Pa. 2009) (collecting cases).

When faced with a confirmed plan (i.e., a contract), the Court is obligated to employ general principles of contract interpretation and must enforce the contract as written. See In re Shenango Group, Inc., 501 F.4d at 345. Here, the Plan plainly required certain actions to be taken if a loan modification was not approved by June 30, 2023. [Dkt. No. 61, § 4(f)(3)]. Based on a review of the docket—and the evidence presented—no loan modification has been approved by June 30, 2023.

The Debtor argues that she undertook all the steps necessary for her to comply with the Plan because she "pursued" the loan modification. [See Dkt. No. 61 § 4(f)(1)]. However, the Debtor's argument ignores the plain language of § 4(f)(3) of the Plan. [Dkt. No. 61, § 4(f)(3)]. Mere "pursuit" is not sufficient; the loan modification must be **approved** by June 30, 2023. The Debtor cannot prove that a loan modification was approved by June 30, 2023. Indeed, her uncontroverted testimony was she did not even submit the necessary loan modification paperwork until July 21, 2023, after the deadline had passed. Because the Debor cannot prove that a loan modification was approved by June 30, 2023, the Plan requires that the Debtor either file an amended Plan "to otherwise provide for the allowed claim of the Mortgage Lender" or dismiss her case. [Dkt. No. 61, § 4(f)(3)].

Alternatively, the Debtor complains that the Lender's delay in seeking enforcement of the Plan should bar the Motion. However, the statute of limitations for breach of contract under Pennsylvania law is generally four years from the date of the breach. See 42 Pa.C.S. § 5525(a). While it is unclear why the Lender here (or any lender) would wait two and one-half years to enforce a deadline in a confirmed plan, the Motion here is not barred for being filed too late.

However, the Lender's argument that the Debtor was obligated to modify the plan or dismiss her case on June 30, 2023 is also incorrect. While a loan modification was not approved by June 30, 2023, such failure was simply a condition precedent to alternative obligations on the Debtor. The Plan provided that *if* a loan modification was not approved by June 30, 2023 certain other actions would be pursued. While the Lender harbors doubts about the Debtor's intention to comply with those terms, there is no deadline by which the Debtor was required to complete them. The Lender is understandably desirous of an amendment or dismissal sooner than later, but the Lender is bound to the terms of the Plan. While the Plan includes a set deadline for approval of a loan modification, there is no deadline for the alternative forms of performance and the Court will not infer that such a deadline exists. See In re Wolfe, 378 B.R. 96, 103 (Bankr. W.D. Pa. 2007) ("A term is implied only if it is manifestly clear that the contracting parties contemplated but did not expressly include it in the written agreement or, alternatively, if it is necessary for the law to imply the term to give effect to the intention of the parties.") (citing

- 4 -

Slater v. Pearle Vision Center, Inc., 546 A.2d 676, 680 (Pa. Super. 1988)).  There was no evidence presented at the hearing that the parties intended to include a deadline for alternative performance but did not include it.  Therefore, there is no basis for the Court to imply any such term.  By the plain language of the Plan, the Debtor has the remainder of the Plan's term to meet her contractual obligations thereunder.

The Court is not blind to the potential for delay and prejudice to both parties.  The Lender waited until the last year of the Debtor's Plan and now tries to force the Debtor to treat the entirety of the Lender's claim in the remaining term of the Plan.  While the practicalities of amending the plan or dismissing the case grow bleaker with each passing month, the Court recognizes that the Lender's delayed action has created some of those difficulties.

Therefore, the Court will **GRANT** the Motion in part, in so far as it requests that the Court make clear that the Debtor is obligated to amend the Plan or dismiss her case within the life of the Plan.

\*\*\*

The Court now turns to the Lender's request for dismissal.  Section 1307(c)(6) of the Bankruptcy Code provides, among other things, that upon request of a party in interest, the Court may dismiss a case for cause including a "material default by the debtor with respect to a term of a confirmed plan."  11 U.S.C. § 1307(c)(6).  The Lender argues that the Debtor's failure to file an amended plan or dismiss her case thus far is a material default under the terms of the plan. As discussed above, the Plan has no deadline by which the Debtor must file the amended plan or seek dismissal.  Therefore, the Court cannot find the Debtor to be in material default under the terms of the Plan by not amending her plan or dismissing her case to date.  Moreover, there is no clear expression that the Debtor cannot or will not perform under the Plan, nor is there evidence that the Debtor actually repudiated her obligations under the Plan.  See Allegheny Energy Supply Co., LLC v. Wolf Run Min. Co., 53 A.3d 53, 64 (Pa. Super. 2012) ("In order to constitute a repudiation, a party's language must be sufficiently positive to be reasonably interpreted to mean that the party will not or cannot perform. Mere expression of doubt as to his willingness or ability to perform is not enough to constitute a repudiation").

Further, there is no allegation or evidence that the Debtor has not performed under all the other terms of the Plan.  In fact, the uncontroverted evidence was that the Debtor has made all of the required payments to the Chapter 13 Trustee and to the Lender for the last four (4) years. There is no indication that the persistence of the Debtor's case is causing the Lender any prejudice.  The Court finds that the Debtor is not in material default under the Plan and that the Lender has not proven any other grounds for dismissal.  Therefore, the request for dismissal of the Debtor's case is **DENIED**.

\*\*\*

The Court emphasizes that it only determines that a loan modification was not approved *by June 30, 2023*; it does not determine whether an agreed loan modification is in place between the parties.  Because the record was not available, the Court cannot determine whether an agreed

loan modification was reached between the Debtor and the Lender under applicable law.  The Debtor testified without contradiction that she submitted the necessary loan modification paperwork to the Lender by July 21, 2023.  Whether that submission was the Debtor's acceptance of the Lender's offer of a loan modification under applicable nonbankruptcy law, the Court does not decide here.

Additionally, the Court notes for the Debtor's sake that only a few months remain in her Plan term.  To the extent the Debtor hopes the completion of her Plan will result in a discharge, it is imperative that the Debtor refinance this debt, pursue or confirm a loan modification, amend her Plan, or employ any other appropriate course of action quickly.  To the extent the parties believe that mediation of these issues may be beneficial to ensure an appropriate dialogue, the parties are free to take advantage of the Court's annexed mediation program.  See LBR 9019-2(e).